IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CENTRO TEPEYAC        :
                      :
   v.                 :   Civil Action No. DKC 10-1259
                      :
MONTGOMERY COUNTY, et al.  :
                      :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is a motion for reconsideration or to alter or amend this court's March 7, 2014 memorandum opinion filed by Defendants (ECF No. 75), and a joint motion to set deadlines for fee petitions (ECF No. 76). In addition, Plaintiff has informally sought an award of $1.00 in nominal damages. Defendants' motion to reconsider will be denied, Plaintiff will be awarded nominal damages, and the joint motion will be granted.

This case is a challenge to Montgomery County Resolution 16-1252 ("the Resolution"), which requires a Limited Service Pregnancy Resource Center ("LSPRC") to post a sign on its premises stating that: (1) the Center does not have a licensed medical professional on staff; and (2) the Montgomery County Health Officer encourages women who are or may be pregnant to consult with a licensed health care provider. Plaintiff, an LSPRC, challenged this law as violative of its First Amendment

rights.  On March 7, 2014, by memorandum opinion and order, the court granted summary judgment to Plaintiff, finding that the Resolution violated the First Amendment as applied to Plaintiff, and permanently enjoined Defendants from enforcing the law against Plaintiff.  (ECF Nos. 73 and 74).  On March 19, 2014, Defendants filed the pending motion for reconsideration.

A motion for reconsideration filed within twenty-eight days of the underlying order is governed by Federal Rule of Civil Procedure 59(e).  Courts have recognized three limited grounds for granting such a motion: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not previously available; or (3) to correct clear error of law or prevent manifest injustice.  *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (*citing Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).  A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *Pacific Ins. Co.*, 148 F.3d at 403 (*quoting* 11 Wright, et al., Federal Practice and Procedure § 2810.1, at 127–28 (2$^{d}$ ed. 1995)).

Defendants contend that the court erred by not applying the severability doctrine to the Resolution and considering the two statements separately once it determined that the statements

considered together were unconstitutional as applied to Plaintiff. Defendants are correct that Maryland law – which governs questions of severability – ordinarily presumes that if a portion of enactment is found to be invalid, the intent of the legislative body is that such portion be severed. In the court's earlier opinion concerning Plaintiff's motion for a preliminary injunction, the two statements were considered separately to determine whether the narrow tailoring component of the strict scrutiny analysis had been met. At that juncture, however, it was sufficient to point to the County's stated interest - protecting pregnant women's health - as a compelling interest which the County could invoke in support of the Resolution. (ECF No. 26, at 24-25). But the opinion went on to state that "to invoke such a compelling interest, Defendants would need to 'demonstrate that the harms are real, not merely conjectural, and that the [Resolution] will in fact alleviate these harms in a direct and material way.'" (*Id.* at 25 (*quoting Turner Broad. Sys, Inc. v. F.C.C.*, 512 U.S. 622, 664 (1994))). At this stage, by contrast, it became necessary for the County, in defending against a motion for summary judgment, to make this demonstration. The court ruled that it failed this requirement. Because both statements were built on the same compelling interest, the lack of evidence in support of that interest meant that both statements failed strict scrutiny, regardless of

3

whether they were considered separately or together.  Therefore, the decision only to consider the Resolution as an indivisible law was immaterial to the analysis and outcome of the opinion. Defendants' motion to reconsider will be denied.

In its complaint, Plaintiff requested damages pursuant to 42 U.S.C. § 1983.  There is no dispute that the Resolution has not been enforced against Centro Tepeyac and it has not sought any actual damages.  Plaintiff does seek nominal damages.  "[I]n a case in which a plaintiff's civil rights are found to have been violated, it is appropriate to award nominal damages. *Carey v. Piphus*, 435 U.S. 247, 265 (1978); *Norwood v. Bain*, 166 F.3d 243, 254 (4th Cir. 1999).  A plaintiff's failure to prove compensatory damages results in nominal damages, typically one dollar.  *Price v. City of Charlotte, N.C.*, 93 F.3d 1241, 1246 (4th Cir. 1996)."  *Park v. Shiflett*, 250 F.3d 843, 854 (4th Cir. 2001); *see also Farrar v. Hobby*, 506 U.S. 103, 112 (1992) ("*Carey* obligates a court to award nominal damages when a plaintiff establishes the violation of [a constitutional right] but cannot prove actual injury.").

Finally, the parties have filed a joint motion to delay the deadlines for filing any fee petitions.  Normally, a motion requesting attorneys' fees must be filed within fourteen (14) days of entry of judgment.  Local Rule 109.2.a.  The parties have requested a different schedule in the event that an appeal

4

is filed with the United States Court of Appeals for the Fourth Circuit.  The proposed schedule is a sensible use of resources and will be approved.  A separate order will follow.

>           /s/
> DEBORAH K. CHASANOW
> United States District Judge